UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TAMIKA PRESSLEY,<br><br>　　　　Defendant. | Case No.: 5:22-cv-00786-HE<br><br>Assigned to: Judge Joe Heaton<br><br>**FILED**<br><br>DEC 09 2022<br><br>CARMELITA REEDER SHINN, CLERK<br>U.S. DIST. COURT. WESTERN DIST. OKLA.<br>BY_____,DEPUTY |

## DEFENDANT RESPONSE TO PLAINTIFF MOTION TO STRIKE AFFIRMATIVE DEFENSE AND DEFENDANT COUNTER CLAIMS

### STATEMENT OF THE CASE

Defendant VANCE DOTSON (hereinafter "Mr. Dotson") initiated the instant action on September 06/2022. On (Date) Defendant TAMIKA PRESSLEY (hereinafter "Ms. Pressley) file her response to Mr. Dotson's Complaint and raised counter claims to which Mr. Dotson filed motion to strike on October 03,2022 for which Ms. Pressley files the instant response.

### STANDARD REVIEW

On its own initiative of upon motion the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Rule 12(f).

Both insufficient defense and redundant, immaterial impertinent, or scandalous matter may be stricken from a pleading on order to avoid the time, effort and expense necessary to litigate

spurious issues. Operating Eng'rs Local 324 Health Care Plan v G & W Construction Co. 783 F3d 1045, 1050 (6th Cir. 2015). Such motions may be granted when necessary to clean up his pleadings, streamline the litigation, or side step unnecessary efforts on immaterial issues. Blake v. Batmasian, 318 F.R.D. 698 700 (S.D. Fla 2017). But this remedy this remedy is considered a dratic one. Stanbutry v firron v. I.R.S., 221 D.3d 1059, 1063 8th Cir 2008, and is never permitted for idle ends. Payne V. Tri State Careflight LLC, ___F. Supp. 3d___, 2018 WL 306921, at *10(D.N.M. 2018) (often"purely cosmetic" or "time wasters"); Eagles View Techs., Inco v. Sactware Sols., Inc, 325 F.R.D. 90, 95 (D.N.J. 2018)("Dilatory Tactic"). The motion generally cannot be used to purposely cull pleadings of inappropriate hyperbolic allegation, ill-conceive attempts at levity, and other similar manifestation of bad judgement in drafting Saylaves LLC V. Wackler 228 F.R.D. 425, 426 (D Corp 2005) later relevance of the contested allegation the motion will be denied. Amiri v. Comme'ns Cal, LLC 272 F Supp. 3d 118, 1192 (CD Cal, 2017).

The burden lies with the party moving to strike. Siegel v. HSBC Holdings, plc, 283 F. Supp 3d 722, 730 (S.D. Fla. 2017). Given the disfavored nature of the relief, the burden on the moving party is "formidable". Gates v. District of Columbia, 66 F. Supp. 3d a, 27(D.D.C. 2014). The moving party must state the basis for the motion with particularly and ideally the s[ecofoc relief sought. Anderson V. Davis Polk & Wardwell LLP, 850 F Supp. 2d 392, 409 (S.D.N.Y. 2012) The moving party must generally make at least two showing: First, the challenge allegations must be clearly unrelated to the pleadings claims, Simmons V. Simpson House, Inc., 224 f. 406, 421 (E.D. Pa 2016) and Second, the moving party must be prejudiced should these allegations remain in the pleading.

## AFFIRMATIVE DEFENSE

With regard to Ms. Pressley's affirmative motion to strike are disfavored by the courts. Hemlock Semiconductor Operators, LLC., V. Solar World Indus. Sachsen GmbH, and especially so when the delay litigation with little corresponding benefit. Manning v. Boston Med. Ctr. Corp, 725 F.3d 34, 59 (1st Cir. 2013). In considering a motion to strike courts will generally apply the same test used to determine a Rule 12(b) (6) motion. Johnson Outdoors Inc., v. Navico, Inc, 774 F Supp. 2d 1191. 1195 (M.D. Ala 2011).; Starnes Family Office LLC V. Mccullar 765 F Supp 2d 1036, 1047 (W.D. Tenn. 2011), The court will deem as admitted all of the non-moving party's well-pleaded facts, draw all reasonable indrences in the pleaders favor, and resolve all doubts in favor of denying the motion to strike. Dodson V. Strategic Restaurant Acquisition C. II LLC. , 289 F.R.D. SAS, 603 (E.D. Cal.2013). If disputed question of fact or law remain as to the challenged material of defense the motion to strike must be denied. Cheatham V. ADT Corp., 191 F. Supp. D 815, 834 (D. ARZ 2016)/ Likewise, if any doubt remains as to the potential defense each and everyone of the is relevant to the allegations raised in Mr. Dotson's complaint and the subject matter which controls his claims. As such, Ms. Pressley's affirmative defense must not be stricken

## COUNTER CLAIM.

Plaintiff has moved to strike pursuant to rule 12(f) Ms. Pressley counter claim. This rule is not applicable. It maybe that Mr. Dotson is confused as with many his unfounded allegation. For the safe of judicial economy Ms. Pressley will entertain this foolishness with brevity.

Each cause of action brought by Ms. Pressley is Loaded with factual information, in detail that no matter what reading of the complaint the Court used she has established a prima

facie case for each of her claims for which relief can be granted. Wherefore Ms. Pressley's counter claim should proceed.

## CONCLUSION

**Wherefore,** based upon the afore mentioned information the court should deny Mr. Dotson's Motion to Strike in it's entirety and should take judicial notice of Mr. Dotson's attempt to use this judicial platform for plas as his entire motion was frivolous.

Respectfully submitted,

**S/TAMIKA PRESSLEY**

December 9, 2022

CIV-22-0786-HE

To Whom It May Concern,

Per, the order that was filed with the court 11/08/22, I am stating that the mentioned order was not prepared by an attorney. There was no use of ghostwriting pleadings.

Thank You,

*Tamika Pressley*