## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VANCE DOTSON**<br>        Plaintiff, | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| v. | ) Case No.<br>)    22-cv-00786-HE |
| **TAMIKA PRESSLEY.,**<br>        Defendant. | )<br>)<br>)<br>) |

**FILED**

DEC 1 2 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT WESTERN DIST. OKLA.
BY_____,DEPUTY

## MOTION FOR SANCTIONS OR DEFAULT JUDGMENT UNDER RULE 6

### INTRODUCTION

Plaintiff Vance Dotson ("Plaintiff"), filed this civil action against Defendant Tamika Pressley ("Defendant") for violations of 12 OK Stat 12-1449. On or about November 21, 2022 Defendant wrote into the Court Doc [10] requesting to appear by telephone. On or about November 22, 2022 the Court gave leave for Defendant to appear by telephone Doc [11]. On or about November 28, 2022 the parties had a Joint Status Hearing and Defendant failed to appear. On or about December 09, 2022 Defendant filed Doc [14] not giving one reason why Defendant didn't appear in a mandatory meeting.

Parties hasn't exchanged Initial Disclosures Under Rule 26(a)(1) due to Defendant non-participation in this action.

## MISSING A FILING DEADLINE IN FEDERAL COURT

Missing a filing deadline due to inadvertence unfortunately happens. Fortunately, Rule 6(b) allows courts to grant relief by finding that an inadvertent late filing, while negligent, constitutes "excusable neglect." Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004).

## FEDERAL RULE OF CIVIL PROCEDURE 6(b)

Federal Rule of Civil Procedure 6(b)(1) provides: (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires, or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Upon motion made, Rule 6(b)(1)(B) permits a post-deadline filing extension "for good cause," if the party failed to act because of "excusable neglect." Lujon v. Nat'l Wildlife Fed'n, 498 U.S. 871, 896 (1990). Excusable neglect requires "a demonstration of good faith ... and some reasonable basis for noncompliance within the specified period of time." Kimberg v. Univ. of Scranton, 411 Fed. Appox. 473, 477 (3rd Cir. 2010) (quoting Petrocelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1312 (3rd Cir. 1995).

After a deadline has expired, Rule 6 requires a showing of both "good cause" and "excusable neglect." Brosted v. Unum Life Ins. Co. of Am., 421 F.3d 459, 464 (7th Cir. 2009).

## EXCUSABLE NEGLECT UNDER RULE 6(b)

Courts have held that Rule 6(b)(1)(B) should be construed broadly. Rachel v. Troutt, 820 F.3d 390, 394 (10th Cir. 2016).

Negligence of the Defendant, including inadvertent delay resulting in an untimely filing of a court document, generally constitutes "excusable neglect" under Rule 6(b). Pioneer Investment Services Co. v. Brunswick Associates, Ltd, Partnership, 507 U.S. 380, 395 (1992) ("excusable neglect" permits late filing of creditor's claim under Bankruptcy Rule 9006(b)(1)). However, negligence of a party may not always constitute "excusable neglect" under other statutory and case law. For example, missing a filing deadline in a Social Security disability claim (SSDI) will generally not be excusable, and relief is unlikely.

"Excusable neglect" under Rule 6(b) is an equitable doctrine, and while relief is discretionary with the district court, it is an "elastic concept" that courts of appeal have generally held extends to inadvertent delay. Id, at 392.

In Pioneer, the U.S. Supreme Court enumerated four factors to use as guidance as to what constitutes "excusable neglect" under Rule 6(b). Id.

(1)     Whether the delay in filing was within the reasonable control of the movant;

(2)     The length of the delay and the delay's potential impact on judicial proceedings;

(3)     The danger of prejudice to the non-moving party; and

(4)     Whether the movant acted in good faith.

In Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997), the court extended the four factors test to Rule 60(b) motions. Therefore, under both Rule 6(b) and Rule 60(b), failure to engage in an equitable analysis of all four factors constitutes an abuse of discretion. Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) ("We conclude that the district court did not identify the Pioneer-Briones standard or correctly conduct the Pioneer-Briones analysis and that this was an abuse of discretion.")

In Pincay, at 854-855, it was legal error to conclude that "a calendaring mistake is the type of 'inadvertent mistake' that is not entitled to relief pursuant to Rule 60(b)(1)," by "impermissibly adopting a per se rule in applying the Pioneer/Briones balancing test."

The court in Bateman v. Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000) held that a late filing was excusable neglect, when an attorney needed a

month to recover from jet lag and catch-up on his e-mail after a trip abroad and demonstrated a disregard for his client's interest and the court's docket. ("Counsel showed a lack of regard for his client's interests and the court's docket. But there is no evidence that he acted with anything less than good faith.")

## GOOD CAUSE

Black's Law Dictionary defines "good cause" as adequate or substantial grounds or reason to take a certain action, or to fail to take an action prescribed by law. What constitutes good cause is determined on a case by case basis. Good cause is not a rigorous or high standard under Rule 6(b), and courts have construed it broadly. Ahanchion v. Kenan Pictures, 624 F.3d 1253 (9th Cir. 2010); Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004). It imposes a "light burden." Moore's Federal Practice § 6.06 [2] p. 6-32. Matthew Bender 3rd ed. 2013.

In applying the Pioneer-Briones analysis, courts have found that inadvertent calendaring mistakes, while they may be negligent, constitute "good cause" under Rules 6(b) and 60(b) to entitle relief for late filings. Pincay, 389 F.3d at 860.

## FEDERAL CASES SHOULD BE DECIDED ON THE MERITS

Rule 6(b), like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983); Wong v. Regents of the Univ. of Calif., 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines.")

The excusable neglect doctrine exists, at least in part, to prevent victories by default. Newgen, LLC v. Safe Cig. LLC, 840 F.3d 606, 616 (9th Cir. 2016) (observing that it is "the general rule that default judgments are ordinarily disfavored.") Litigation in the federal civil procedure system should be decided on the merits and not on technicalities. Rodriguez v. Village Green Realty, LLC, 788 F.3d 31, 47 (2nd Cir. 2015) (citing Cargill, Inc. v. Sears Petroleum & Transp. Corp., 334 F. Supp. 2d 197, 247 (NDNY 2014) (there is a strong preference for resolving disputes on the merits).

Procedure "is a means to an end, not an end in itself - the 'handmaid rather than the mistress' of justice." Charles E. Clark, History, Systems and Functions of Pleading, 11 Va. L. Rev. 527, 542 (1925). The Federal Rules of Civil Procedure serve "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. All sides to a dispute must be given the opportunity to fully advocate their views of the

issues presented in the case. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003).

## CONCLUSION

THEREFORE, Plaintiff Vance Dotson request the Court to enter Default Judgment and or Sanction. Defendant has failed to participate in the Joint Status Report and failed to appear for the Scheduling Order.

Vance Dotson
425 W. Wilshire Blvd Ste E
Oklahoma City, OK 73116
vancedotson@yahoo.com

## CERTIFICATE OF MAILING

I Hereby certify that on December 12, 2022, I mailed a copy of the foregoing document by United States mail, postage prepaid to:

Tamika Pressley
3008 Hellerman Street
Philadelphia, PA 19149